### AVERY v. NEW YORK CENT. & H. R. R. Co.

*(Superior Court of Buffalo, General Term. July 13, 1888.)*

1. TRESPASS—UNLAWFUL CONSTRUCTION OF FENCE—PLEADING—AMENDMENT.
   In an action for failure to maintain an opening to a hotel across a strip of land leading thereto, the complaint alleged that the damage was caused by defendant maintaining a fence across such strip. It appeared that defendant had the right to maintain such fence, but was required to keep open a gateway through the same. *Held* that, as the complaint included the space which was to be kept open, and alleged a breach, and as no application to make the complaint more specific was made, no amendment was necessary to support a recovery for failure to keep open such gateway, and that the court properly refused to direct a verdict for defendant.

2. SAME—TRIAL—INSTRUCTIONS.
   On the trial of such action the jury were properly instructed that, though defendant built a fence across such strip of land, if he maintained the required gateway plaintiff could not recover.

Appeal from trial term.

Action by John C. Avery against the New York Central & Hudson River Railroad Company, to recover damages for defendant's failure to maintain an opening across a strip of land leading to plaintiff's hotel. Judgment for plaintiff, and defendant appeals.

Argued before BECKWITH, C. J., and TITUS, J.

*McMillan, Gluck & Pooley*, for appellant. *Hopkins & White*, for respondent.

TITUS, J. Each of the judges of this court has been heretofore called upon to pass upon the principal questions raised on this appeal. We do not con-

sider it necessary now to reiterate the reasons which seem to us sufficient to enable the plaintiff to maintain this action. We think that the request of the defendant to direct a verdict in its favor on the trial was properly denied by the trial court, and that no amendment to the plaintiff's complaint was necessary to entitle him to recover. The gist of the plaintiff's cause of action is the neglect of the defendant in not maintaining an opening on the 20-foot strip of land opposite the Exchange Hotel, for the convenient access of passengers and their baggage to and from their premises, as by the deed of conveyance from James S. Wadsworth to the New York Central Railroad Company, made in 1857, it had agreed and was required it to do. The court of appeals has held, in one of the cases heretofore tried in this court, "that while the defendant had a right to build a fence along this 20-foot strip, still it was required to maintain an opening on to this strip of a size reasonable, proper, and fit, opposite the hotel, and large enough for the convenient access of passengers and their baggage to and from said strip, and which should be at no time closed against them." 106 N. Y. 142,. 12 N. E. Rep. 619. The fact that the complaint alleges that the plaintiff's damage was caused by the defendant maintaining a fence along the 20-foot strip cannot affect the plaintiff's right to recover under his pleading, so long as it includes the space mentioned in the deed, which was to be kept open. The greater includes the less. If the defendant had maintained an opening, such as, by the deeds of conveyance, it was required to do, then the plaintiff could not recover. It is for the neglect of the defendant to keep and maintain such an opening on the 20-foot strip that the plaintiff can maintain his action, and it is of no consequence, so far as this question is concerned, that the plaintiff has alleged in his complaint that the defendant had utterly failed to comply with its agreement, and had built a fence the entire length of the 20-foot strip.

The jury were properly instructed as to the rights of the parties; that if the defendant maintained an opening, as by the deed it was required to do, the plaintiff could not recover, although it had built and maintained a fence along the 20-foot strip. The plaintiff perhaps might have more particularly indicated wherein the defendant had failed to comply with the agreements in the deed, but, if the defendant desired more specific information in that particular, he should have made application to the court to make the complaint more specific; and as he has not done so, and as the complaint does allege a breach of the covenant, it is too late for the defendant to complain. We cannot see that any error was committed by the trial court, either on the rulings, on the trial, or in the requests to charge. The order appealed from must therefore be affirmed, with costs.

HATCH, J., did not sit. BECKWITH, C. J., concurs.